IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Abingdon Division

| | | |
|---|---|---|
| JAMES WOOD, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 1:22cv18 |
| | ) | |
| BRISTOL VIRGINIA UTILITY | ) | |
| AUTHORITY, | ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant, BVU Authority, incorrectly sued herein as Bristol Virginia Utility Authority (hereinafter "BVUA" or the "Authority"), by counsel, submits this memorandum in support of its motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## STATEMENT OF THE CASE

Plaintiff, James Wood, filed his six Count complaint alleging, among other things, that he was discriminated and retaliated against when he was terminated from his employment as an Engineering and Geographic Information Systems ("GIS") Technician in violation of the Family and Medical Leave Act, the Americans with Disabilities Act, the Virginia Fraud and Abuse Whistleblower

Protection Act, and Virginia Code § 40.1-27.3 after he contracted COVID-19 in March of 2021.

Plaintiff seeks equitable and injunctive relief, compensation for lost wages and benefits, emotional pain and suffering, liquidated damages, punitive damages, interest, fees, and costs.

<u>STATEMENT OF FACTS</u>

Plaintiff, James Wood, was employed in June of 2016 as a GIS/Engineering Technician.  Compl. ¶ 6.  Plaintiff's co-worker "JP" tested positive for COVID-19 in March of 2021.  *Id*. ¶ 24.  JP reported to work, knowing he had COVID-19.  *Id*. ¶ 25.

On March 30, 2021, Plaintiff tested positive for COVID.  *Id*. ¶ 27.  He notified BVUA's safety manager that JP had been coming to work for a week while testing positive with COVID-19.  He also reported his own positive test.  *Id*. ¶ 28.  The following week, the plaintiff was hospitalized for four days with respiratory failure and sepsis.  *Id*. ¶ 30.  His infection resulted in a "severe case of COVID-19, which caused him to develop lifelong disabilities, often described as 'Long COVID.'"  *Id*. ¶ 31.  Plaintiff asserts that his lungs are irrevocably damaged, he suffers from shortness of breath, necessitating the use of oxygen, and fatigue, and is substantially limited in respiratory function.  *Id*. ¶ 32.

On April 14, 2021, Mr. Wood applied for FMLA leave. *Id.* ¶ 33. He remained out of work until April 26, 2021, when he received a work release to work 20 hours per week until May 10, 2021. *Id.* ¶ 34.

Upon his return to work, the Human Resources Manager suggested to Mr. Wood that he "take a look at the American with Disabilities website," or words to that effect. *Id.*¶ 78. Mr. Wood asserts that when he returned to work, his supervisor rejected his reduced work schedule. *Id.* ¶ 35. His supervisor and the CEO reviewed his medical documentation and sought clarification from his physician as to his diagnosis, the number of hours he could work during a day, the number of hours he could work during the week, the types of accommodations he required to work, and the identification of any job functions he could not perform. *Id.* ¶ 36. Mr. Wood asserts that he was informed that if he did not obtain such information from his employer, he would be terminated. *Id.*

On April 28, 2021, Mr. Wood received a negative performance evaluation because his supervisor "believed his work productivity was 'poor.'" *Id.* ¶ 39.

Mr. Wood asserts that he was informed that while on FMLA, he had the option of using his sick days or he could take unpaid leave. He chose to reserve his sick days. *Id.* ¶ 38. At a meeting on April 29, 2021, the Human Resources Director and an accountant explained to Mr. Wood how much pay he would receive during his medical leave and how much sick leave he had remaining. *Id.* ¶

40.  Mr. Wood asserts that on April 30, 2021, the CEO determined that he would have to use all his sick leave prior to being eligible for FMLA leave.  *Id*. ¶ 41.

On May 9, 2021, Mr. Wood was diagnosed with a "second case of COVID-19."[1]  *Id*. ¶ 42.  He again quarantined for ten days and applied for FMLA leave.  *Id*. ¶¶ 43, 44.  The CEO rejected his FMLA paperwork because "he claimed that Mr. Wood's medical diagnosis was too vague."  *Id*. ¶ 45.  Mr. Wood reported to Human Resources that "the rejection of his medical leave request was due to a hostile work environment created by BVUA against those with disabilities who require medical or sick leave."  *Id*. ¶ 46.

On May 20, 2021, Mr. Wood's physician faxed a note to BVUA requesting that Mr. Wood be excused from work through May 28, 2021.  *Id*. ¶ 48.  The physician noted that Mr. Wood had cognition and endurance issues, would require a reduced work schedule of 32 hours per week upon his return to work from May 28-June 14, 2021, and would be absent from work on an intermittent basis if he experienced "episodes of incapacity" lasting between 2-8 hours, which were estimated to occur 3-4 times a week for the next six months.  Despite such limitations, the physician also noted that Mr. Wood "is able to perform all job

---

[1] Mr. Wood was still within the initial 90-day window from his original infection at the time of his second COVID-19 test.

functions but may require more time to complete tasks and wok shorter days or weeks." *Id*. ¶ 49.

On May 27, 2021, Mr. Wood contacted Human Resources and requested that he be able to use supplemental oxygen at work. *Id*. ¶ 50.

On May 28, 2021, Mr. Wood claims that he filed an OSHA complaint related to reporting JP for coming to work while infected, for his own positive COVID test, and his illness. *Id*. ¶ 51. Mr. Wood was supposed to return to work that day, but he was terminated by email instead. *Id*. ¶ 52.

Mr. Wood filed a charge of discrimination with the EEOC on January 5, 2022, and he received his right to sue notice thirty days later, on February 4, 2022. *Id*. ¶ 5.

<u>ARGUMENT</u>

I.    STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction. When a defendant challenges subject matter jurisdiction, plaintiff bears the burden of establishing that subject matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). A Rule 12(b)(1) motion may allege that sovereign immunity is a

jurisdictional bar against the claim. *Cunningham v. Gen. Dynamics Info. Tech, Inc.*, 888 F.3d 640, 649 (4th Cir. 2018).

II.   BVU AUTHORITY IS ENTITLED TO SOVEREIGN IMMUNITY FOR PLAINTIFF'S FMLA SELF-CARE CLAIMS.

A.   BVUA is a state-created and state-controlled authority entitled to sovereign immunity.

BVUA is a political subdivision of the Commonwealth created by the General Assembly under Virginia Code § 15.2-7200, *et seq*. (the "BVU Authority Act") for a public purpose.  Unlike local authorities or municipal corporations, BVUA is not locally-created and controlled; it was created by the Commonwealth through specific legislation, and two of its five members of its Board of Directors are directly appointed by the General Assembly.  Va. Code §§ 15.2-7201, 15.2-7205.  BVUA's powers are defined by the General Assembly under the BVU Authority Act.  Va. Code § 15.2-7207, § 15.2-7208.

Entities, such as BVUA, created by the General Assembly to perform a function of state government are clothed with the Commonwealth's immunity from liability.  *Chen v. Chesapeake Bay Bridge*, 2021 Va. Cir. LEXIS 106, at *41 (Northampton Cnty Cir. Ct. Feb. 26, 2021); *see Elizabeth River Tunnel Dist. v. Beecher*, 202 Va. 452, 456, 117 S.E.2d 685, 689 (1961).  BVUA's sovereign immunity was expressly preserved by statute.  Va. Code § 15.2-7221.

B. <u>Plaintiff's FMLA self-care claims are barred by sovereign immunity</u>.

Plaintiff's FMLA claims (Counts I and II) fall under the "self-care" provision of the FMLA, which provides that an employee may take leave for a serious health condition that makes the employee unable to perform the functions of the position of such employee. 29 U.S.C. § 2612(a)(1)(D). In 2012, the United States Supreme Court held that a state is entitled to sovereign immunity when sued under the self-care provision. *See Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30, 132 S. Ct. 1327, 182 L. Ed. 2d 296 (2012). In *Coleman*, the Court held as follows:

> The question in this case is whether a state employee is allowed to recover damages from the state entity that employs him by invoking one of the provisions of a federal statute that, in express terms, seeks to abrogate the States' immunity from suits for damages. The statute in question is the [FMLA]. The provision at issue requires employers, including state employers, to grant unpaid leave for self-care for a serious medical condition, provided other statutory requisites are met, particularly requirements that the total amount of annual leave taken under all the Act's provisions does not exceed a stated maximum. [29 U.S.C.] § 2612(a)(1)(D). In agreement with every Court of Appeals to have addressed this question, this Court now holds that suits against States under this provision are barred by the States' immunity as sovereigns in our federal system.

*Id*. at 33. Because BVUA is as an authority created and subject to control by the Commonwealth, Plaintiff's FMLA self-care claims are barred by sovereign immunity.

7

<u>CONCLUSION</u>

For the foregoing reasons, defendant BVU Authority, by counsel, requests

that the claims against it be dismissed with prejudice and for such other and further

relief that this Court deems appropriate.

Respectfully submitted,

BVU AUTHORITY (incorrectly sued
herein as BRISTOL VIRGINIA
UTILITY AUTHORITY)

 /s/  Jennifer D. Royer
　　　　Of Counsel

Jennifer D. Royer, Esq. (VSB # 68099)
ROYER LAW FIRM, P.C.
PO Box 4525
Roanoke, Virginia 24015
540.788.2892  Telephone
540.675.4093  Facsimile
jroyer@royerlawfirm.com
Counsel for Defendant

<u>CERTIFICATE</u>

I hereby certify that on the 1st day of July, 2022, I have electronically filed
this document with the Clerk of the Court using the CM/ECF system, which will
send notification of such filing to the following:

Thomas E. Strelka, Esq.
L. Leigh R. Strelka, Esq.
N. Winston West, Esq.
Brittany M. Haddox, Esq.
Monica L. Mroz, Esq.
STRELKA EMPLOYMENT LAW

8

119 Norfolk Avenue, SW, Suite 330
Roanoke, Virginia 24011

/s/  Jennifer D. Royer
Jennifer D. Royer, Esq. (VSB # 68099)
ROYER LAW FIRM, P.C.
PO Box 4525
Roanoke, Virginia 24015
540.788.2892  Telephone
540.675.4093  Facsimile
jroyer@royerlawfirm.com
Counsel for Defendant

9