IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Abingdon Division

| | |
|---|---|
| JAMES WOOD, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
| v. | )    Case No. 1:22cv18 |
| | ) |
| BRISTOL VIRGINIA UTILITY AUTHORITY, | ) |
| | ) |
|     *Defendant*. | ) |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant, BVU Authority, incorrectly sued herein as Bristol Virginia Utility Authority (hereinafter "BVUA" or the "Authority"), by counsel, submits this reply memorandum in support of its motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

ARGUMENT

I.     BVUA IS ENTITLED TO IMMUNITY FOR SELF-CARE CLAIMS UNDER THE FMLA.

In asserting that BVUA is not entitled to immunity for the plaintiff's FMLA self-care claims, plaintiff dances around the definition of a political subdivision, how BVUA funds infrastructure projects, and whether BVUA is entitled to sovereign immunity for state law torts but ignores the level of state control the

Commonwealth exercises over BVUA and other factors that indicate BVUA is entitled to immunity.

In determining which political entities are protected by the 11th Amendment, the Supreme Court gives special attention to the state law creating and defining the entity. The state law provides assistance in ascertaining whether the state intends to create an entity comparable to a county or municipality or one designed to take advantage of the state's 11th Amendment immunity. Aspects of state law particularly relevant to this inquiry are how state law defines the entity, what degree of control the state maintains over the entity, where funds for the entity are derived, and who is responsible for judgments against the entity. *Tuveson v. Fla. Governor's Council on Indian Affairs, Inc.*, 734 F.2d 730, 731 (11th Cir. 1984).

Plaintiff attempts to liken BVUA to a county or municipality, but unlike counties or municipalities, BVUA is not locally-created or locally controlled.  It was created by the General Assembly through agency-specific legislation, which defines and limits its powers; BVUA performs state-functions; and the General Assembly appoints members of its Board to effectuate control.  Moreover, unlike municipalities, BVUA does not have the power to enact or promulgate ordinances, rules, and regulations *that have the force or effect of law*.  *See* Va. Code § 15.2-7201. Its authority is granted, limited, and controlled by the Commonwealth.

With respect to how it is financed, the General Assembly has granted BVUA the authority to apply for and accept gifts, grants, or loans from the United States and its agencies and instrumentalities, the Commonwealth and its political subdivisions, agencies, and instrumentalities, or any other person or entity. Va. Code Ann. § 15.2-7207.  Like other state agencies, it can also charge for services it provides.  *Id*. Unlike counties and municipalities, the General Assembly has prohibited BVUA from making charitable donations by law.  *Id*.; *but see* Va. Code § 15.2-953.

The General Assembly has also expressly refused to waive BVUA's immunity under the law.  Va. Code § 15.2-7221.  Contrary to plaintiff's assertion, such immunity is not limited to claims arising solely under tort law.  The statute even goes so far to protect BVUA by prohibiting BVUA from waiving its own immunity under the law.  *Id*.

Because of the level of control that the state exercises over BVUA and the distinctions between BVUA and counties, cities, towns, and other municipalities, BVUA is entitled to share in the state's immunity for self-care claims under the FMLA.

II.   IMMUNITY IS NOT JUST LIMITED TO THE STATE ITSELF.

Plaintiff asserts that the *Coleman* case does not apply to the facts of this case because *Coleman* involved the state of Maryland, and this case involves an agency,

not a state government.  *See* Br. in Opp, p. 12.  However, in *Massey v. Virginia Polytechnic Inst. & State Univ.*[1], the Court made clear that states were not the only entities entitled to immunity for claims under the self-care provisions of the FMLA – state agencies such as BVUA are too.  *Massey v. Va. Polytechnic Inst. & State Univ.*, Civil Action No. 7:21cv00062, 2022 U.S. Dist. LEXIS 49646, at *4 (W.D. Va. Mar. 21, 2022).

## CONCLUSION

For the foregoing reasons, defendant BVU Authority, by counsel, requests that the claims against it be dismissed with prejudice and for such other and further relief that this Court deems appropriate.

                        Respectfully submitted,

                        BVU AUTHORITY (incorrectly sued herein as BRISTOL VIRGINIA UTILITY AUTHORITY)

                        /s/  Jennifer D. Royer
                              Of Counsel

Jennifer D. Royer, Esq. (VSB # 68099)
ROYER LAW FIRM, P.C.
PO Box 4525
Roanoke, Virginia 24015
540.788.2892  Telephone

---

[1] Mr. Wood's counsel also represented plaintiff Massey in *Massey v. Virginia Polytechnic Inst. & State Univ.*

540.675.4093  Facsimile
jroyer@royerlawfirm.com
Counsel for Defendant

## CERTIFICATE

I hereby certify that on the 12th day of August, 2022, I have electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Thomas E. Strelka, Esq.
L. Leigh R. Strelka, Esq.
N. Winston West, Esq.
Brittany M. Haddox, Esq.
Monica L. Mroz, Esq.
STRELKA EMPLOYMENT LAW
119 Norfolk Avenue, SW, Suite 330
Roanoke, Virginia 24011

/s/  Jennifer D. Royer
Jennifer D. Royer, Esq. (VSB # 68099)
ROYER LAW FIRM, P.C.
PO Box 4525
Roanoke, Virginia 24015
540.788.2892  Telephone
540.675.4093  Facsimile
jroyer@royerlawfirm.com
Counsel for Defendant