IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **JAMES WOOD**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:22CV00018 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **BRISTOL VIRGINIA UTILITY** | ) | JUDGE JAMES P. JONES |
| **AUTHORITY**,[1] | ) | |
| | ) | |
| Defendant. | ) | |

*Thomas E. Strelka*, STRELKA EMPLOYMENT LAW, Roanoke, Virginia, for Plaintiff; *Jennifer D. Royer*, ROYER LAW FIRM, P.C., Roanoke, Virginia, for Defendant.

In this civil action, the plaintiff asserts several federal and state law claims against the BVU Authority (BVUA), including two counts (Counts I and II) brought pursuant to the Family Medical Leave Act's (FMLA) self-care provision, 29 U.S.C. § 2612(a)(1)(D). BVUA has moved to dismiss Counts I and II for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), contending that it is entitled to sovereign immunity.

---

[1] The plaintiff sues Bristol Virginia Utility Authority, which the defendant points out is a misnomer. Although the plaintiff has not moved to amend his Complaint nor has the defendant asked the court to act on the misnomer, I will refer to the defendant herein as it is named in the Virginia Code, the BVU Authority. Va. Code Ann. § 15.2-7203.

The Supreme Court has held that suits brought against states for damages under the FMLA's self-care provision are barred by sovereign immunity. *Coleman v. Ct. of App. of Md.*, 566 U.S. 30, 33 (2012). BVUA asserts that it is entitled to Virginia's cloak of immunity because it was created to perform a function of the Commonwealth, is subject to control by the Commonwealth, and can receive funds from the Commonwealth. The plaintiff contends, in part, that the BVU Authority Act, Va. Code Ann. §§ 15.2-7200–15.2-7226, indicates that BVUA does not have a sufficiently close relationship with the Commonwealth to entitle it to Eleventh Amendment immunity. On August 24, 2022, the court held a hearing to address BVUA's 12(b)(1) motion. At the hearing, BVUA's counsel offered to file evidence to support its motion, including evidence relevant to BVUA's financial relationship with the Commonwealth. In response, plaintiff's counsel represented that without discovery, he does not have evidence to fully inform the court about relevant facts, other than those provided in the Virginia Code.

Eleventh Amendment "sovereign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction." *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 649 (4th Cir. 2018) (citation omitted). Such immunity extends not only to states, but also to state agents and instrumentalities, otherwise known as "arm[s] of the state." *Cash v. Granville*

*Ctny. Bd. of Educ.*, 242 F.3d 219, 222 (4th Cir. 2001).  However, immunity does not extend to all entities that "exercise a slice of state power," such as counties and municipal corporations.  *Id.* (internal quotation marks and citation omitted).  In determining whether an entity is an arm of the state and entitled to immunity, courts consider four factors: (1) whether a judgment against the entity would be paid from the state's treasury; (2) the degree of control the state exercises over the entity (3) whether the entity is concerned with local or statewide concerns; and (4) how the state's law treats the entity.  *Cash*, 242 F.3d at 224.  A judgment's effect on the state treasury is the "most salient factor," *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 48 (1994), though it is not dispositive. *United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 137 n.4 (4th Cir. 2014).  To conduct the immunity analysis, courts may consider evidence outside the pleadings. *Cunningham*, 888 F.3d at 650 ("When . . . a party challenges the veracity of the facts underpinning subject matter jurisdiction, the trial court may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts." (internal quotation marks and citations omitted)).

For the foregoing reasons, and because subject-matter jurisdiction is a threshold issue, *Elyazidi v. SunTrust Bank*, 780 F.3d 227, 232 (4th Cir. 2015), it is **ORDERED** that:

1. BVUA shall file any evidence and additional briefing necessary to support its Motion to Dismiss for Lack of Jurisdiction, ECF No. 5, including evidence detailing BVUA's financial relationship to the Commonwealth, no later than 14 days from the entry of this Order; and

2. The plaintiff may file a response to BVUA's additional filings no later than 14 days from the date of such filings.  In the event it appears that there may be additional evidence relevant to this issue that the plaintiff may reasonably obtain by discovery, the plaintiff may apply to the court for leave to conduct such discovery.

ENTER: August 29, 2022

/s/ JAMES P. JONES
Senior United States District Judge