IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Abingdon Division

| | |
|---|---|
| JAMES WOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22CV000018 |
| | ) |
| BRISTOL VIRGINIA UTILITY | ) |
| AUTHORITY, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSION

Defendant BVU Authority, wrongfully sued herein as Bristol Virginia Utility Authority, by counsel, submits its Responses to Plaintiff's Requests for Admission as follows:

1. Admit that no fund maintained by the Commonwealth of Virginia would directly pay any judgment in this matter.

    **RESPONSE:** **Admitted.**

2. Admit that other quasi-governmental authorities are created by Acts of the General Assembly.

    **RESPONSE:** **Defendant objects to this request on the basis that "other quasi-governmental authorities" is vague. Subject to and without waiving the foregoing, Defendant can neither admit nor deny the request as phrased as to "other quasi-governmental authorities;" however, Defendant denies that it is a "quasi-governmental authority." Rather, it is a sui generis political subdivision of the Commonwealth created by a specific statutory scheme and directly controlled by the General Assembly.**

3. Admit that Defendant has the power to establish personnel rules.

    **RESPONSE:** **Defendant admits that it has the powers set forth in the BVU Authority Act, which include the power to establish personnel rules subject to the restrictions imposed by the General Assembly in the Act.**

4.      Admit that Defendant has general powers enjoyed by the City of Bristol, Virginia.

**RESPONSE:     The defendant objects to this request on the basis that it seeks a legal conclusion and on the basis that "general powers" is vague. Subject to and without waiving the foregoing, Defendant admits that it has the powers set forth in the BVU Authority Act but denies that it has the same powers possessed by the City of Bristol.**

5.      Admit that the president of Defendant is an employee of Defendant.

**RESPONSE:  Defendant admits it has the authority under the BVU Authority Act to hire its president, who is the only employee the Board hires. Unlike municipalities, BVU Authority's authority to make all other personnel decisions are reserved under the BVU Authority Act to the president.**

6.      Admit that the General Assembly provided Defendant all powers reasonably necessary or appropriate to provide electric, water, sewer, and telecommunication and related services.

**RESPONSE: Defendant admits that the General Assembly provides the Defendant with the powers to provide the services that the General Assembly authorizes it to provide under the Act. For example, in exercising direct control over BVUA, the General Assembly passed specific additional legislation to exempt parts of the sale of BVUA's assets from the Virginia Public Procurement Act so that BUV Authority could complete that transaction.**

> BVU AUTHORITY, sued incorrectly herein as
> BRISTOL VIRGINIA UTILITY AUTHORITY
>
> By:   __/s Jennifer D. Royer_____
>              Of Counsel

Jennifer D. Royer (VSB No. 68099)
ROYER LAW FIRM, P.C.
Post Office Box 4525
1901 Denniston Avenue, S.W.
Roanoke, Virginia 24015
Telephone:  (540) 788-2982
Facsimile:   (540) 675-4093
jroyer@royerlawfirm.com
*Counsel for Bristol Virginia Utility Authority*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of November, 2022, a true and correct copy of the foregoing Defendant's Responses to Plaintiff's Requests for Admission was sent via electronic and first-class mail to the following:

Thomas E. Strelka, Esq. (VSB# 75488)
STRELKA EMPLOYMENT LAW
4227 Colonial Ave.
Roanoke, VA  24018
Tel:  540-283-0802
thomas@strelkalaw.com
*Counsel for Plaintiff*

By:   ***/s/ Jennifer D. Royer***
             Of Counsel