IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Abingdon Division

| | |
|---|---|
| JAMES WOOD, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
| v. | )   Case No. 1:22cv18 |
| | ) |
| BRISTOL VIRGINIA UTILITY | ) |
| AUTHORITY, | ) |
| | ) |
|     *Defendant*. | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT V FOR LACK OF SUBJECT MATTER JURISDICTION**

    Defendant, BVU Authority, incorrectly sued herein as Bristol Virginia Utility Authority (hereinafter "BVUA" or the "Authority"), by counsel, submits this memorandum in support of its motion to dismiss Count V of the plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

STATEMENT OF THE CASE

    Plaintiff, James Wood, filed his six-Count complaint alleging, among other things, that he was discriminated and retaliated against when he was terminated from his employment as an Engineering and Geographic Information Systems ("GIS") Technician in violation of several federal and state statutes after he contracted COVID-19 in March of 2021. Count V of his complaint additionally

styles the plaintiff as a "whistleblower," and alleges that he was wrongfully dismissed under Virginia Code § 40.1-27.3, because he reported a co-worker who came to work after testing positive for COVID-19 for violating a state regulation. This motion addresses only the state law "whistleblower" claim found at Count V.

STATEMENT OF FACTS AS TO COUNT V

BVU Authority has a principal place of business in Bristol, Virginia. The Virginia General Assembly created BVUA to provide various utility services to residents in three localities in Virginia and one in Tennessee. BVUA is identified as a "political subdivision" in the Virginia Code. Va. Code. Ann. § 15.2-7201.

Plaintiff, James Wood, was employed by BVU Authority in June of 2016 as a GIS/Engineering Technician.  Compl. ¶ 6.  Plaintiff's co-worker "JP" tested positive for COVID-19 in March of 2021.  *Id*. ¶ 24.  JP reported to work, knowing he had COVID-19.  *Id*. ¶ 25.

On March 30, 2021, Plaintiff tested positive for COVID and informed BVUA's safety manager of his results.  *Id*. ¶ 27.  He also advised that JP had been coming to work for a week while testing positive with COVID-19.  *Id*. ¶ 28.  On May 28, 2021, he filed an OSHA complaint regarding JP's attendance at work with COVID. Plaintiff asserts that these two reports were intended to convey a violation of 16 VAC 25-220-40 to a supervisor and that the Defendant fired him in impermissible retaliation under Virginia Code 40.1-27.3. *Id*. ¶¶ 101, 103.

ARGUMENT

I.  STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction. When a defendant challenges subject matter jurisdiction, plaintiff bears the burden of establishing that subject matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). A Rule 12(b)(1) motion may allege that sovereign immunity is a jurisdictional bar against the claim. *Cunningham v. Gen. Dynamics Info. Tech, Inc.*, 888 F.3d 640, 649 (4th Cir. 2018), *Moschetti v. Office of the Inspector Gen.*, Civil Action No. 3:22-cv-24-HEH, 2022 U.S. Dist. LEXIS 144143, at *24-26 (E.D. Va. Aug. 11, 2022). Dismissal under Rule 12(b)(1) is appropriate when "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Evans*, 166 F.3d at 647.

II. BVU AUTHORITY IS ENTITLED TO SOVEREIGN IMMUNITY FOR PLAINTIFF'S STATE LAW WHISTLEBLOWER CLAIMS.

  A. <u>BVUA is a political subdivision entitled to sovereign immunity from suit under state law</u>.

BVUA is a political subdivision of the Commonwealth created by the General Assembly under Virginia Code § 15.2-7200, *et seq*. (the "BVU Authority Act") for a public purpose. Unlike local authorities or municipal corporations, BVUA is not locally created and controlled; it was created by the Commonwealth

through specific legislation, and two of its five members of its Board of Directors are directly appointed by the General Assembly. Va. Code §§ 15.2-7201, 15.2-7205. BVUA's powers are defined by the General Assembly under the BVU Authority Act. Va. Code § 15.2-7207, § 15.2-7208. BVUA's sovereign immunity is expressly preserved by statute. Va. Code 15.2-7221.

The doctrine of sovereign immunity is "alive and well" in Virginia. *Niese v. City of Alexandria,* 264 Va. 230, 564 S.E.2d 127, 132 (2002). The doctrine that the state and its governmental agencies, while acting in their governmental capacities, are immune from liability for tortious personal injury negligently inflicted, has long been recognized and applied in Virginia. *Fry v. Albemarle County,* 86 Va. 195, 9 S. E. 1004 (1889); *Nelson County v. Loving*, 126 Va. 283, 101 S. E. 406 (1919); *Mann v. County Board*, 199 Va. 169, 98 S. E. 2d 515 (1957).

At common law, the Commonwealth was immune from liability for torts committed by its officers, employees, and agents. That immunity continues to apply in the absence of a legislative waiver by which the Commonwealth consents to be sued in its own courts. *Doud v. Commonwealth*, 282 Va. 317, 320, 717 S.E.2d 124, 125 (2011) (citations omitted).

    B. <u>Plaintiff's 40.1-27.3 whistleblower claim in Count V is barred by sovereign immunity</u>.

Plaintiff's whistleblower claims in Count V rely on state law in Code § 40.1-27.3, which states in relevant part that "[a]n employer shall not discharge … an employee … because the employee … in good faith reports a violation of any federal law or state law or regulation to a supervisor...." Va. Code Ann. § 40.1-27.3(A). The plaintiff asserts that when his co-worker JP had come to work after testing positive for COVID, JP violated a state regulation: 16 VAC 25-220-40. Plaintiff further claims that BVUA then discharged the plaintiff in retaliation for his "good faith" report of JP's violation in contravention of Va. Code Ann. § 40.1-27.3.

Count V must be dismissed in its entirety pursuant to Rule 12(b)(1) because sovereign immunity bars any cause of action under Va. Code Ann. § 40.1-27.3 against a political subdivision of the Commonwealth of Virginia. The Commonwealth "is immune from tort liability for the acts or omissions of its agents and employees unless an express statutory or constitutional provision waives that immunity." *Ligon v. Cnty. of Goochland*, 279 Va. 312., 689 S.E.2d 666 (Va. 2010). "Sovereign immunity protects not only the Commonwealth, but also its agencies and instrumentalities." *Moschetti v. Office of the Inspector Gen.*, Civil Action No. 3:22-cv-24-HEH, 2022 U.S. Dist. LEXIS 144143, at *24-26 (E.D. Va. Aug. 11, 2022) (citing *Rector & Visitors of the Univ. of Va. v. Carter*, 267 Va. 242,

591 S.E.2d 76 (Va. 2004)).  Here, as in the *Moschetti* case, the statute makes no reference to a waiver of immunity for political subdivisions of the Commonwealth.

In the *Moschetti* case, Judge Hudson of the Eastern District of Virginia considered a case in which a "whistleblower" had disclosed confidential Office of the Inspector General reports regarding the parole system to outsiders. She was fired for this violation of internal policy and sued, much like the plaintiff here, under several federal theories as well as under Virginia Code § 40.1-27.3. After a close examination of the statutory language and citing *Ligon*, 689 S.E.2d at 668, the court found that "the Commonwealth and its agencies...are immune from suit under § 40.1-27.3." *Moschetti*, at *26.

Virginia Code § 40.1-27.3 contains no express waiver of sovereign immunity for BVUA.  As the Court noted in *Moschetti*, "[t]he statute never mentions the Commonwealth, its agencies, or its officers and only creates liability for 'employers' without expressly including the Commonwealth within the definition of that term." *Moschetti*, at *26. The statute, likewise, does not include counties, cities, town, authorities or other municipalities in that term or otherwise waive such immunity that they have under the law.[1]

---

[1] This Defendant is cognizant of this Court's prior ruling that BVUA is not a state agency. BVUA makes this argument without waiver of its assertion of Eleventh Amendment immunity.

Indeed, the definition of "employer" in Virginia Code § 40.1-2 does not include any governmental entity. Instead, it defines "employer" to include "an individual, partnership, association, corporation, legal representative, receiver, trustee, or trustee in bankruptcy doing business in or operating within this Commonwealth who employs another to work for wages, salaries, or on commission and shall include any similar entity acting directly or indirectly in the interest of an employer in relation to an employee." *Id*.

Because BVUA is a political subdivision of the Commonwealth of Virginia and not included within the definition of "employer" under § 40.1-2, the plaintiff's claim under that statute is barred by sovereign immunity.

## CONCLUSION

For the foregoing reasons, defendant BVU Authority, by counsel, requests that Count V against it be dismissed with prejudice and for such other and further relief that this Court deems appropriate.

        Respectfully submitted,

        BVU AUTHORITY (incorrectly sued herein as BRISTOL VIRGINIA UTILITY AUTHORITY)

        /s/  Jennifer D. Royer
            Of Counsel

Jennifer D. Royer, Esq. (VSB # 68099)
ROYER LAW FIRM, P.C.

PO Box 4525
Roanoke, Virginia 24015
540.788.2892  Telephone
540.675.4093  Facsimile
jroyer@royerlawfirm.com
Counsel for Defendant

## CERTIFICATE

    I hereby certify that on the 20th day of March, 2023, I have electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Thomas E. Strelka, Esq.
    L. Leigh R. Strelka, Esq.
    N. Winston West, Esq.
    Brittany M. Haddox, Esq.
    Monica L. Mroz, Esq.
    STRELKA EMPLOYMENT LAW
    119 Norfolk Avenue, SW, Suite 330
    Roanoke, Virginia 24011

/s/  Jennifer D. Royer
Jennifer D. Royer, Esq. (VSB # 68099)
ROYER LAW FIRM, P.C.
PO Box 4525
Roanoke, Virginia 24015
540.788.2892  Telephone
540.675.4093  Facsimile
jroyer@royerlawfirm.com
Counsel for Defendant