IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Abingdon Division

| | | |
|---|---|---|
| JAMES WOOD, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 1:22cv18 |
| | ) | |
| BRISTOL VIRGINIA UTILITY | ) | |
| AUTHORITY, | ) | |
| | ) | |
| *Defendant*. | ) | |

## ANSWER AND DEFENSES TO COUNTS  I-III AND V

Defendant BVU Authority, by counsel, submits the following answer and

defenses to Counts I-III and V of the Complaint.

## FIRST DEFENSE

Defendant avers that Plaintiff has failed to state a cause of action upon

which relief can be granted.

## SECOND DEFENSE

Defendant denies that the Plaintiff was subject to unlawful discrimination or

retaliation or that it violated the Family and Medical Leave Act (FMLA),

Americans with Disabilities Act (ADA), Virginia Whistleblower statute (Va. Code

§ 40.1-27.3), or the Virginia Fraud and Abuse Whistle Blower Protection Act

(FAWBPA) in any way.

THIRD DEFENSE

Defendant avers that all actions taken were taken in good faith and based on legitimate nondiscriminatory reasons and were not based on any illegal, discriminatory, or wrongful motives or consideration.

FOURTH DEFENSE

Defendant avers that the doctrine of sovereign immunity bars the plaintiff's state law claims.

FIFTH DEFENSE

Defendant denies that it violated any state or federal law or regulation as alleged in the Complaint.

SIXTH DEFENSE

Defendant denies that it is indebted to the plaintiff under any theory of law and denies that the plaintiff is entitled to any of the relief or damages claimed or sought in this case.

SEVENTH DEFENSE

Defendant reserves the right to rely upon any and all affirmative defenses which may become known throughout discovery or through evidence presented at trial.

## EIGHTH DEFENSE

Without waiving the foregoing Defenses, and expressly relying on the same, the defendant states as follows:

1.     Paragraphs 1 and 2 of the Complaint contain conclusions of law to which no response is required.

2.     With respect to paragraph 3 of the Complaint, the defendant admits that Mr. Wood is a citizen of the United States but lacks sufficient information to admit or deny where Mr. Wood is domiciled.

3.     Paragraph 4 of the Complaint contains conclusions of law to which no response is required.

4.     Defendant admits the allegations contained in paragraphs 5 and 6 of the Complaint.

5.     Defendant denies the allegations contained in paragraph 7 of the Complaint.

6.     Defendant admits the allegations contained in paragraphs 8-10 of the Complaint.

7.     Defendant denies the allegations contained in paragraphs 11-16 of the Complaint.

8.     Paragraphs 17-21 contain statements of law to which no response is required.

9.     Defendant denies the allegations contained in paragraphs 22-23 of the Complaint.

10.    With respect to the allegations contained in paragraph 24 of the Complaint, Defendant can neither admit nor deny the allegations of the paragraph without disclosing employee health information potentially in violation of the law.

11.    Defendant denies the allegations contained in paragraphs 25-26 of the Complaint.

12.    With respect to the allegations contained in paragraph 27 of the Complaint, the Defendant admits that plaintiff reported a positive COVID test in March of 2021; Defendant can neither admit nor deny the allegations concerning the date of his first positive test.

13.    With respect to the allegations contained in paragraph 28 of the Complaint, the Defendant admits that the plaintiff reported his positive test. Defendant denies the remaining allegations contained in paragraph 28.

14.    With respect to the allegations contained in paragraph 29 of the Complaint, Defendant states that such letter would speak for itself and denies any allegations inconsistent with the language of the letter.

4

15.    With respect to the allegations contained in paragraph 30, the Defendant admits that plaintiff made it aware that he was hospitalized in April. Defendant lacks sufficient information to admit or deny the remaining allegations of paragraph 30.

16.    Defendant denies the allegations contained in paragraphs 31 and 32 of the Complaint.

17.    Defendant admits the allegations contained in paragraphs 33 and 34 of the Complaint.

18.    Defendant denies the allegations contained in paragraph 35 of the Complaint.

19.    With respect to the allegations contained in paragraph 36 of the Complaint, the Defendant admits that it requested that the plaintiff provide additional information from the plaintiff's doctor as part of the interactive process under the Americans with Disabilities Act.   Defendant denies all allegations inconsistent with this admission.

20.    With respect to the allegations contained in paragraph 37 of the Complaint, the Defendant admits that it requested that the plaintiff provide additional information from the plaintiff's doctor as part of the interactive process

under the Americans with Disabilities Act.   Defendant denies all allegations inconsistent with this admission.

21.    Defendant denies the allegations contained in paragraphs 38 and 39 of the Complaint.

22.    With respect to the allegations contained in paragraph 40 of the Complaint, the Defendant admits that it had multiple meetings and conversations with the plaintiff to explain its sick leave and FMLA policies to him.   Defendant denies all allegations in paragraph 40 inconsistent with this admission.

23.    Defendant denies the allegations contained in paragraph 41 but states that all employees are required to use their paid sick leave concurrently with any medical leave under the FMLA.

24.    Defendant denies the allegations contained in paragraph 42 of the Complaint.

25.    Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 43 of the Complaint.

26.    With respect to the allegations contained in paragraph 44, the Defendant admits that the plaintiff applied for FMLA and that he received all FMLA leave to which he was entitled.   Defendant denies any allegation contained in paragraph 44 that is inconsistent with this admission.

27.     Defendant denies the allegations contained in paragraph 45-46 of the Complaint.

28.     With respect to the allegations contained in paragraph 47 of the Complaint, the Defendant admits that the plaintiff texted Mr. Griffin about a matter that was outside of Mr. Griffin's or the BVUA Board's control, that he was invited to attend the Board's meeting, and that he failed or refused to attend.  Defendant denies all allegations in paragraph 47 that are inconsistent with this admission.

29.     With respect to the allegations contained in paragraph 48, the Defendant admits that it received a note excusing the plaintiff from work until May 28, 2021.  Defendant denies all allegations inconsistent with this admission.

30.     With respect to the allegations contained in paragraph 49, the document speaks for itself, and the Defendant denies all allegations inconsistent with the language of the document.

31.     Defendant denies the allegations of paragraph 50 as phrased.

32.     Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 51 of the Complaint.

33.     With respect to the allegations contained in paragraph 52 of the Complaint, the Defendant admits that plaintiff's employment with BVUA was

terminated on May 28, 2021.  Defendant denies all allegations inconsistent with this admission.

34.    With respect to the allegations contained in paragraph 53 of the Complaint, the Defendant incorporates its responses to paragraphs 1-52.

35.    Paragraph 54 of the Complaint contains a conclusion of law to which no response is required.

36.    Defendant admits the allegations contained in paragraph 55 of the Complaint.

37.    With respect to the allegations contained in paragraph 56 of the Complaint, the Defendant admits only that the plaintiff submitted paperwork for FMLA leave in April and May of 2021.  Defendant denies all allegations inconsistent with this admission.

38.    Defendant denies the allegations contained in paragraphs 57-63 of the Complaint.

39.    With respect to the allegations contained in paragraph 64 of the Complaint, the Defendant incorporates its responses to paragraphs 1-63.

40.    Paragraph 65 of the Complaint contains a conclusion of law to which no response is required.

41.    Defendant admits the allegations contained in paragraph 66 of the Complaint.

42.    With respect to the allegations contained in paragraph 67 of the Complaint, the Defendant admits only that the plaintiff submitted paperwork for FMLA leave in April and May of 2021.  Defendant denies all allegations inconsistent with this admission.

43.    Defendant denies the allegations contained in paragraphs 68-73 of the Complaint.

44.    With respect to the allegations contained in paragraph 74 of the Complaint, the Defendant incorporates its responses to paragraphs 1-73.

45.    Defendant denies the allegations contained in paragraphs 75-87 of the Complaint.

46.    Pursuant to this Court's order dated March 13, 2023, this Defendant is not required to answer the allegations contained in Count IV of the Complaint.

47.    With respect to the allegations contained in paragraph 97 of the Complaint, the Defendant incorporates its responses to paragraphs 1-96.

48.    Paragraph 98 of the Complaint contains a statement of law to which no response is required.

49.     Defendant denies the allegations contained in paragraphs 99-100 of the Complaint.

50.     With respect to the allegations contained in paragraph 101 of the Complaint, the Defendant admits only that BVUA terminated plaintiff's employment.   Defendant denies all remaining allegations contained in paragraph 101.

51.     Defendant denies the allegations contained in paragraphs 102-105 of the Complaint.

52.     Pursuant to this Court's order dated March 13, 2023, this Defendant is not required to answer the allegations contained in Count VI of the Complaint.

53.     Defendant denies that the plaintiff is entitled to the relief requested in his prayer for relief or to any relief whatsoever.

54.     Defendant denies all allegations of the Complaint not otherwise expressly admitted herein.

55.     Defendant demands a trial by jury.

WHEREFORE, defendant BVU Authority, incorrectly sued herein as Bristol Virginia Utility Authority, by counsel, requests that this Court dismiss the Complaint, grant judgment in its favor with an award of its costs and fees expended

herein, and for such other and further relief as may be necessary and this Court

deems appropriate.

                                                    BVU AUTHORITY (incorrectly sued
                                                    herein as BRISTOL VIRGINIA
                                                    UTILITY AUTHORITY)


                                                    /s/  Jennifer D. Royer
                                                              Of Counsel

Jennifer D. Royer, Esq. (VSB # 68099)
ROYER LAW FIRM, P.C.
PO Box 4525
Roanoke, Virginia 24015
540.788.2892  Telephone
540.675.4093  Facsimile
jroyer@royerlawfirm.com
Counsel for Defendant

<u>CERTIFICATE</u>

I hereby certify that on the 20th day of March, 2023, I have electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Thomas E. Strelka, Esq.
STRELKA EMPLOYMENT LAW
119 Norfolk Avenue, SW, Suite 330
Roanoke, Virginia 24011


<u>/s/  Jennifer D. Royer</u>
Jennifer D. Royer, Esq. (VSB # 68099)
ROYER LAW FIRM, P.C.
PO Box 4525
Roanoke, Virginia 24015
540.788.2892  Telephone
540.675.4093  Facsimile
jroyer@royerlawfirm.com
Counsel for Defendant