# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# Abingdon Division

| | |
|---|---|
| JAMES WOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-18 |
| ) | |
| BRISTOL VIRGINIA UTILITY ) | |
| AUTHORITY, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S BRIEF IN OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS COUNT V

COMES NOW, the Plaintiff, James Wood ("Plaintiff" or "Mr. Wood") and hereby presents this brief in opposition to Defendant's motion to dismiss Count V, Plaintiff's claim of retaliation pursuant to Va. Code § 40.1-27.3. Defendant claims this Court lacks subject matter jurisdiction and Count V must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules.

### I.  Va. Code § 40.1-27.3 and Sovereign Immunity

Because Count V arises from a Virginia statute, this Court must apply Virginia substantive precedent in the interpretation of Va. Code § 40.1-27.3. Neither of Virginia's appellate court's have opined on this statute. No authoritative ruling exists indicating that Defendant in this matter - - a political subdivision - - possesses sovereign immunity against this action.

1

This Court already weighed numerous factors regarding the potential application sovereign immunity in this case. (February 10, 2023 Opinion and Order, Dkt. No. 23) ("I find that BVUA does not have a sufficiently close relationship with the Commonwealth to entitle it to sovereign immunity"). The Court weighed evidence from the parties on the issue of sovereign immunity as applied to other counts within Plaintiff's Complaint. For the reasons considered earlier by this Court, Defendant's current motion must be denied.

The Virginia Supreme Court follows several canons of statutory construction. The intention of the General Assembly must be gathered by the words used in the statute when read together. *Barr v. Town & Country Props.*, 240 Va. 292 (1990). Every statute should be read so as to promote ability of statute to remedy the "mischief" at which it is directed. All other rules of construction are subservient. *University of Virginia v. Harris*, 239 Va. 119 (1990). Finally, there is a presumption that change in law was intended when new provisions are added to prior legislation. *Wisniewski v. Johnson*, 223 Va. 141 (1982).

In *Moschetti v. Office of the Inspector Gen.*, Civil Action No. 3:22-cv-24-HEH, 2022 U.S. Dist. LEXIS 144143 (E.D. Va. Aug. 11, 2022), Judge Henry E. Hudson ruled that a state agency possessed sovereign immunity to

a claim of Va. Code§ 40.1-27.3. As previously contended by the Plaintiff in earlier filings, there exists no guidance from the appellate courts of Virginia as to the specific issue of application of sovereign immunity to Defendant. It goes without saying that a claim against a state agency is a claim against the Commonwealth of Virginia. Here, Defendant is a separate legal entity.

State law (Va. Code § 15.2-7207) provides that suits against Defendant in the instant matter should list Defendant by name as a party and not the Commonwealth of Virginia. Recent legislation enacted by the Virginia General Assembly provided a framework of checks and balances to the BVUA for stronger and more responsible self-management. *See generally,* BVU Authority Act, Va. Code § 15.2-7200 *et seq*.

This Court already weighed numerous factors regarding the potential application sovereign immunity in this case. (February 10, 2023 Opinion and Order, Dkt. No. 23) ("I find that BVUA does not have a sufficiently close relationship with the Commonwealth to entitle it to sovereign immunity"). Given the Court's findings and the lack of authority otherwise, this Court should deny Defendant's motion to dismiss Count V.

Plaintiff's counsel notes that his law firm is representing two plaintiffs in two separate cases in state court predicated on alleged violations of Va. Code § Va. Code § 40.1-27.3. At the time of this filing, Roanoke City Circuit

Court Judge David B. Carson has agreed to enter an order certifying an interlocutory appeal to the Virginia Court of Appeals to seek guidance from that court on whether sovereign immunity applies to this act. That issue should proceed to appeal this month. This is the first known appellate matter related to Va. Code § 40.1-27.3 to advance beyond the state circuit courts. Further guidance from the state appellate courts on this statute and the issue of sovereign immunity is forthcoming. The Court may wish to rule on this matter after such guidance is provided.

Respectfully submitted,

**JAMES WOOD**

By /s Thomas E. Strelka

Thomas E. Strelka, Esq. (VSB# 75488)
L. Leigh R. Strelka, Esq. (VSB # 73355)
N. Winston West, IV, Esq. (VSB # 92598)
Brittany M. Haddox, Esq. (VSB # 86416)
Monica L. Mroz, Esq. (VSB #65766)
STRELKA EMPLOYMENT LAW
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA  24011
Tel:  540-283-0802
brittany@strelkalaw.com
thomas@strelkalaw.com
leigh@strelkalaw.com
winston@strelkalaw.com
monica@strelkalaw.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

On the 3rd day of April, 2023, the undersigned counsel for Mr. Wood filed this mater on the Court's CM/ECF filing system which transmitted a Notice of Electronic Filing to:

Jennifer D. Royer, Esq. (VSB # 68099)
ROYER LAW FIRM, P.C.
PO Box 4525
Roanoke, Virginia 24015
540.788.2892  Telephone
540.675.4093  Facsimile
jroyer@royerlawfirm.com
Counsel for Defendant

/s/ Thomas E. Strelka