IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Abingdon Division

| | |
|---|---|
| JAMES WOOD, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. 1:22cv18 |
| | ) |
| BRISTOL VIRGINIA UTILITY AUTHORITY, | ) |
| | ) |
| *Defendant*. | ) |

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT V

Defendant, BVU Authority, incorrectly sued herein as Bristol Virginia Utility Authority (hereinafter "BVUA"), by counsel, submits this reply memorandum in support of its motion to dismiss Count V for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## ARGUMENT

Plaintiff, James Wood, contracted COVID-19 in March of 2021 and later, was terminated from his job at BVUA. He filed his Complaint alleging that he was impermissibly terminated in violation of several federal and state statutes. In Count V of the Complaint, the only count with which this Reply concerns itself, the plaintiff alleges that he is a "whistleblower" under state law and was

wrongfully dismissed under Virginia Code § 40.1-27.3 because he reported a co-worker's violation of a state regulation by coming to work after a positive test for COVID-19.

While this Reply does not address the other claims in the plaintiff's Complaint, the claim under Virginia Code § 40.1-27.3 must be dismissed because that code section's applicability is barred by sovereign immunity and is not applicable to Virginia political subdivisions.

I.      BVUA HAS SOVEREIGN IMMUNITY.

BVUA is identified as a "political subdivision" at Va. Code Ann. § 15.2-7201. BVUA's powers are defined by the General Assembly under the BVU Authority Act at Virginia Code § 15.2-7207 and § 15.2-7208. BVUA's sovereign immunity is expressly preserved by statute. Va. Code Ann. § 15.2-7221 ("No provisions of this chapter nor act of an authority, including the procurement of insurance or self-insurance, shall be deemed a waiver of any sovereign immunity to which the Authority or its directors, officers, employees, or agents are otherwise entitled.")

The doctrine of sovereign immunity has long been recognized in Virginia, immunizing the state and its governmental instrumentalities, including political subdivisions, when acting in their governmental capacities from liability for tortious personal injury negligently inflicted. *Fry v. Albemarle County*, 86 Va. 195,

9 S.E. 1004 (1889); *Nelson County v. Loving*, 126 Va. 283, 101 S.E. 406 (1919); *Mann v. County Board*, 199 Va. 169, 98 S.E.2d 515 (1957).

Count V must be dismissed pursuant to Rule 12(b)(1) because sovereign immunity bars any cause of action under Va. Code Ann. § 40.1-27.3 against a political subdivision of the Commonwealth of Virginia. The Commonwealth "is immune from tort liability for the acts or omissions of its agents and employees unless an express statutory or constitutional provision waives that immunity." *Ligon v. Cnty. of Goochland*, 279 Va. 312., 689 S.E.2d 666 (Va. 2010). "Sovereign immunity protects not only the Commonwealth, but also its agencies and instrumentalities." *Moschetti v. Office of the Inspector Gen.*, Civil Action No. 3:22-cv-24-HEH, 2022 U.S. Dist. LEXIS 144143, at *24-26 (E.D. Va. Aug. 11, 2022) (citing *Rector & Visitors of the Univ. of Va. v. Carter*, 267 Va. 242, 591 S.E.2d 76 (Va. 2004)).

Virginia Code § 40.1-27.3 contains no express waiver of sovereign immunity for BVUA or any other political subdivision. As the Court noted in *Moschetti*, which directly addressed the sovereign immunity question for the code section that undergirds the plaintiff's Count V claims, "[40.1-27.3] never mentions the Commonwealth, its agencies, or its officers and only creates liability for 'employers' without expressly including the Commonwealth within the definition of that term." *Moschetti*, at *26. The statute, likewise, does not include counties,

3

cities, towns, authorities, or other political subdivisions of the Commonwealth in that term or otherwise waives such immunity that they have under the law.

Indeed, the definition of "employer" in Virginia Code § 40.1-2 excludes any governmental entity. Instead, it defines "employer" to include "an individual, partnership, association, corporation, legal representative, receiver, trustee, or trustee in bankruptcy doing business in or operating within this Commonwealth who employs another to work for wages, salaries, or on commission and shall include any similar entity acting directly or indirectly in the interest of an employer in relation to an employee." *Id*. The exclusion of governmental entities from the definition of "employer" reflects the General Assembly's intention to preserve sovereign immunity.

Because BVUA is a political subdivision of the Commonwealth of Virginia and not included within the definition of "employer" under § 40.1-2, the plaintiff's claim under that statute is barred by long-standing precedent that provides for sovereign immunity.

II. VIRGINIA CODE § 40.1-27.3 DOES NOT APPLY TO POLITICAL SUBDIVISIONS.

The General Assembly did not waive sovereign immunity for governmental entities under Virginia Code § 40.1-27.3 because the General Assembly did not intend for section 40.1-27.3 to apply to political subdivisions.

4

Virginia Code § 40.1-2.1, which is entitled, "Application of title to Commonwealth and its agencies, etc.; safety and health program for public employees," states "The provisions of this title [40.1] and any rules and regulations promulgated pursuant thereto shall not apply to the Commonwealth or any of its agencies, institutions, *or political subdivisions*, or any public body, unless, and to the extent that, coverage is extended by specific regulation of the Commissioner or the Board." (emphasis added).

No regulation of the Commissioner or the Board extends that coverage with respect to the whistleblower statute at § 40.1-27.3. Indeed, the applicable regulation, 16 VAC 25-60-20, states, "All Virginia statutes, standards, and regulations pertaining to occupational safety and health shall apply to every employer, employee, and place of employment in the Commonwealth of Virginia *except where...3. The employer is a public employer*, as that term is defined in this chapter." The term "public employer" is defined at 16 VAC 25-60-10 to include "any political subdivision." 16 VAC 25-60-20 goes on to list the six specific regulations that do apply to public employers, one of which is 16 VAC 25-60-30, which lists each and every section of Title 40.1 that applies to public employers. Virginia Code § 40.1-27.3 is not one of the sections listed. *See also Jordan v. School Board of the City of Norfolk*, Civil Action No. 2:22cv167, 2022 U.S. Dist. LEXIS 204781, *36 (E.D. Va. Nov. 9, 2022) (holding that section 40.1-27.3 is

5

inapplicable to public bodies because "failing to provide a definition of employer in Section 40.1-27.3 that includes the Commonwealth and other public bodies was an intentional omission by the General Assembly").

This issue was also raised in *Camp v. City of Roanoke,* which is the case cited in the plaintiff's brief for the proposition that the Court should withhold a decision on the application of immunity until such time as a Virginia appellate court may rule on the issue. In that case, Judge Carson held that § 40.1-27.3 is inapplicable to any political subdivision. *See Camp v. City of Roanoke*, Case No.: CL21-2268, Order by Judge David B. Carson, December 1, 2022, attached hereto as Exhibit 1.

    III.    LACK OF VIRGINIA APPELLATE COURT PRECEDENT IS NOT DETERMINATIVE.

In his Brief in Opposition to the Motion to Dismiss, the plaintiff argues that the Eastern District's clear holding in *Moschetti* that claims under Virginia Code § 40.1-27.3 may be barred by sovereign immunity should be ignored because no Virginia appellate court has yet opined as to the applicability of sovereign immunity to that section. He notes that this issue arose in a Roanoke City case, *Camp v. City of Roanoke*, in which Judge David Carson granted the City of Roanoke's motion for summary judgment on the grounds that the City, a political subdivision like BVUA, was protected by sovereign immunity with respect to all

claims brought under Virginia Code § 40.1-27.3. *See* Ex. 1.  In that case, the parties requested an interlocutory appeal to the Supreme Court of Virginia on the issue.

Plaintiff requests that this Court await the decision on the interlocutory appeal; however, the parties in the *Camp v. City of Roanoke* case will also be required to wait for any further appellate decisions. Due to a legislative error, a General Assembly amendment to the powers of the Virginia Court of Appeals in 2022 removed the Supreme Court as the destination for interlocutory appeals but failed to make a corresponding replacement with the Court of Appeals. Until an amendment to the Code is effective, and the matter is placed on the appropriate docket, the plaintiff's appeal cannot be considered by either appellate court.

This Court need not wait until such appeal is heard and decided.  The Eastern District has already held that sovereign immunity applies (with respect to state agencies) for the very reasons argued by BVUA.  State court judges, such as Judge Carson in the *Camp* case, have also tackled the issue of the application of Section 40.1-27.3 to public bodies in state court cases.  *See, e.g., Konate v. Norfolk State University*, CL 21-5224, Circuit Court for the City of Norfolk, February 7, 2022, attached as Exhibit 2 (dismissing claims under Virginia Code § 40.1-27.3 because statute is inapplicable to public bodies); *see also Andre v. Southampton County School Board*, CL21-578, Circuit Court for Southampton County, April 1,

2022, attached as Exhibit 3 (finding that Title 40.1 does not apply to "the Commonwealth or any of its agencies, institutions or political subdivisions.")

Precedent for dismissal exists, and this Court should adopt the reasoning of the courts that have found immunity for political subdivisions.

## CONCLUSION

For the foregoing reasons, defendant BVU Authority, by counsel, requests that Count V related to the "whistleblower" claim under Virginia Code § 40.1-27.3 be dismissed with prejudice for lack of subject matter jurisdiction and for such other and further relief that this Court deems appropriate.

Respectfully submitted,

BVU AUTHORITY (incorrectly sued herein as BRISTOL VIRGINIA UTILITY AUTHORITY)

 /s/  Jennifer D. Royer
            Of Counsel

Jennifer D. Royer, Esq. (VSB # 68099)
Kristin B. Wright, Esq. (VSB # 41314)
ROYER LAW FIRM, P.C.
PO Box 4525
Roanoke, Virginia 24015
540.788.2892  Telephone
540.675.4093  Facsimile
jroyer@royerlawfirm.com
Counsel for Defendant

## CERTIFICATE

I hereby certify that on the 10th day of April, 2023, I have electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Thomas E. Strelka, Esq.
L. Leigh Rhoads, Esq.
N. Winston West, Esq.
Brittany M. Haddox, Esq.
Monica L. Mroz, Esq.
STRELKA EMPLOYMENT LAW
4227 Colonial Avenue
Roanoke, Virginia 24018

/s/  Jennifer D. Royer
Jennifer D. Royer, Esq. (VSB # 68099)
ROYER LAW FIRM, P.C.
PO Box 4525
Roanoke, Virginia 24015
540.788.2892  Telephone
540.675.4093  Facsimile
jroyer@royerlawfirm.com
Counsel for Defendant