VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF NORFOLK

DR. MAMADOU KONATE,

    Plaintiff,

v.                            CIVIL NUMBER: CL21-5224

NORFOLK STATE UNIVERSITY,

    Defendant.

## ORDER

This action came to be heard February 3, 2022, on the defendant's plea in bar. The plaintiff appeared by counsel, Thomas F. Hennessy, Esq. The defendant appeared by counsel, Randy C. Sparks, Jr., Esq. The Court had previously received written submissions of counsel and that day received argument.

The Court SUSTAINS the plea in bar.

This is an action for retaliation in employment under *Code* § 40.1-27.3, and the plea in bar turns on the proper definition of "employer" as used in the statute. The statute is found in Article 1 of Chapter 3 of Title 40.1. "Employer" is not defined in the statute or in that article. The word is defined in *Code* § 40.1-2, which is found in Chapter 1:

> As used in this title, unless the context clearly requires otherwise, the following terms have the following meanings:
>
> "Employer" means an individual, partnership, association, corporation, legal representative, receiver, trustee, or trustee in bankruptcy doing business in or operating within this Commonwealth who employs another to work for wages, salaries, or on commission and shall include any similar entity acting directly or indirectly in the interest of an employer in relation to an employee.

*Code* § 40.1-2.1 provides:

Office of
GEORGE E. SCHAEFER
Clerk of the
Circuit Court
Norfolk, Virginia

February 7, 2022

EXHIBIT 1

> The provisions of this title and any rules and regulations promulgated pursuant thereto shall not apply to the Commonwealth or any of its agencies, institutions, or political subdivisions, or any public body, unless, and to the extent that, coverage is extended by specific regulation of the Commissioner or the Board.

The plaintiff does not contest the defendant's status as an agency or institution of the Commonwealth, nor does he contend the Commissioner of Labor and Industry or the Safety and Health Codes Board has issued any rule or regulation applying *Code* § 40.1-27.3 to the Commonwealth or the defendant.

The plaintiff claims the Court should apply the definition of "employer" found in *Code* § 40.1-28.9, which does specifically include the Commonwealth. However, that definition is located in Article 1.1 of Chapter 3 and is restricted to that article.

The plaintiff claimed, for the first time at argument, that he also brings this action under § 704(a) of the Civil Rights Act of 1964. If such was his intent, the intent is well disguised. In the "Introduction" to the complaint, the plaintiff states: "This is an action for retaliation in violation of *Va. Code* § 40.1-27.3." Even though nothing in the Rules of the Supreme Court requires a separate count in a complaint for each right of action asserted, it is a convention members of the Bar often follow. The plaintiff asserts only one count in his complaint, and it is for "Retaliation in violation of *Virginia Code* § 40.1-27.3."

The plaintiff does mention the Civil Rights Act of 1964 in paragraphs 15 and 18, but he does not clearly bring his case under it.

The plaintiff is granted leave to file an amended complaint by February 28, 2022, asserting a claim under the Civil Rights Act of 1964. If no amended complaint is filed by that date, this action will stand dismissed with prejudice.

Office of
GEORGE E. SCHAEFER
Clerk of the
Circuit Court
Norfolk, Virginia

February 7, 2022

2

Endorsements are waived pursuant to Rule 1:13. The Court has caused copies of this order to be sent to counsel for the parties.

ENTER: February 7, 2022

_____
Judge

Everett A. Martin, Jr., Judge

Office of
GEORGE E. SCHAEFER
Clerk of the
Circuit Court
Norfolk, Virginia

February 7, 2022

3