# FIFTH JUDICIAL CIRCUIT
## OF VIRGINIA

JUDGES
CARL EDWARD EASON, JR.
LAWSON WAYNE FARMER
MATTHEW A. GLASSMAN
ROBERT H. SANDWICH, JR.
POST OFFICE BOX 1814
SUFFOLK, VIRGINIA 23439-1814
CIVIL (757) 514-4800
CRIMINAL (757) 514-4803



CITY OF SUFFOLK
CITY OF FRANKLIN
COUNTY OF ISLE OF WIGHT
COUNTY OF SOUTHAMPTON

RETIRED JUDGES
RODHAM T. DELK, JR.
JAMES C. GODWIN
WESTBROOK J. PARKER
W. RICHARD SAVAGE, III

April 1, 2022

The Honorable Richard L. Francis,
Clerk Circuit Court of Southampton County
Post Office Box 190
Courtland, VA 23837

Re: Andre, et. al. v. Southampton County School Board (CL21000578-00)

Dear Mr. Francis,

    Attached please find my Memorandum Opinion for the afore-referenced matter. Please distribute this cover letter and the Opinion to all counsel of record. The Opinion directs defense counsel to circulate and forward an Order, consistent with the Opinion, to the Court for entry.

    I appreciate your assistance in this matter.

Sincerely,

Matthew A. Glassman, Judge

MAG:ms

Attachment

**EXHIBIT 2**

VIRGINIA:

## IN THE CIRCUIT COURT FOR SOUTHAMPTON COUNTY

| | |
|---|---|
| MELISSA ANDRE, ASHLEY BURNS, CYNTHIA COOMBS, JENNIFER DREIBELBIS, JAMIE ELLIOTT, APRIL GRIFFITH, ALICIA JOHNSTON, JERRELL KING, REBECCA LEWIS, TERSA MEREDITH, THOMAS OWEN, KRISTINA PARSONS, DORIS RIDDICK, ANN MARIE SEMPLE, JENNIFER WARREN, CRYSTAL WINNER, KENNETH ZOLLICOFFER, and REGINA ZOLLICOFFER,<br>Plaintiffs, | Case Number: CL21000578-00 |
| v.<br><br>SOUTHAMPTON COUNTY SCHOOL BOARD,<br>Defendant. | Memorandum Opinion<br>Judge Matthew A. Glassman<br>April 1, 2022 |

**Memorandum Opinion**

Background Facts

The Plaintiffs are/were employees, consisting of eighteen (18) current or former teachers, of the Southampton County School Board. The Plaintiffs allege that their employment contracts incorporated the Virginia Board of Education regulations requiring that the Plaintiffs be paid additional compensation should the number of students they teach exceed one hundred fifty (150) or the number of class periods exceed twenty-five (25) per week (hereinafter "overloads"). See 8 Va. Admin. Code 20-131-240. The Complaint consists of two (2) counts. First, the Defendant breached the employment contracts by failing to compensate the Plaintiffs for the overloads. Second, failure to compensate the Plaintiffs for the overloads constituted a violation of Virginia Code section 40.1-29 ("the Wage Theft Act"). The Defendant filed a demurrer to both counts as well as a plea in bar to the violation of the Wage Theft Act.

Demurrer

A demurrer will be sustained if the pleading, considered in the light most favorable to the plaintiff, fails to state a valid cause of action. *W.S. Carnes, Inc. v. Bd. of Sup'rs of Chesterfield Cty.*, 252 Va. 377, 348, 478 S.E.2d 295, 300 (1996). Specifically, a demurrer tests the legal sufficiency of a complaint and admits the truth of all material facts that are properly pleaded; the facts admitted are those expressly alleged, those that are impliedly alleged, and those that may be fairly and justly inferred from the facts alleged. Va. Code Ann. § 8.01-273(A); *Bd. of Sup'rs of Fluvanna Cty. v. Davenport & Co. LLC*, 285 Va. 580, 585-586, 742 S.E.2d 59, 61 (2013). The

trial court is not permitted on demurrer to evaluate and decide the strengths or merits of the allegations set forth in a complaint, but only may determine whether the factual allegations of the complaint are sufficient to state a cause of action. *Id.*; *Glazebrook v. Bd. of Sup'rs of Spotsylvania Cty.*, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003). However, while admitting to the truth of the facts, a demurrer does not admit the correctness of the complaint's conclusions of law. *Fuste v. Riverside Healthcare Ass'n, Inc.*, 265 Va. 127, 132, 575 S.E.2d 858, 861 (2003).

To survive a challenge by demurrer, "factual allegations must be made with sufficient definiteness to enable the court to find the existence of a legal basis for its judgment." *A.H. by next friends C.H. v. Church of God in Christ, Inc.*, 297 Va. 604, 613, 831 S.E.2d 460, 465 (2019). In response to a challenge by demurrer, a plaintiff may rely upon reasonable inferences to support factual allegations. *Id*; see also *Kitchen v. City of Newport News*, 275 Va. 378, 385, 657 S.E.2d 132, 136 (2008)(holding that a Plaintiff's pleading must set forth specific facts constituting a "foundation in law" for the judgment sought, and not merely conclusions of law or speculative assertions). Hence, the threshold question in analyzing a demurrer is whether "the facts pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action." *John C. Holland Enterprises, Inc. v. Se. Pub. Serv. Auth. of Virginia*, 273 Va. 716, 720-721, 643 S.E.2d 187, 189-190 (2007).

<u>Count One – Breach of Contract</u>

In Count One of the Complaint, the Plaintiffs allege a breach of contract. To state a cause of action for breach of contract, Plaintiffs must allege "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of an obligation." *Filak v. George*, 267 Va. 612, 619, 594 S.E.2d 610, 619 (2004). There is no dispute that each of the Plaintiffs had a legally enforceable contract with the Defendant for the 2019/2020 and 2020/2021 school years. Additionally, the Court accepts the factual allegations that each of the Plaintiffs were subjected to overloads for the 2019/2020 and 2020/2021 school years. However, what is in dispute, is the Plaintiffs' core argument that the Virginia Board of Education's regulations were incorporated into the relevant employment contracts thereby making compensation for the overloads a legally enforceable obligation.

The specific language that the Plaintiffs rely upon states: "[t]his contract shall at all times be subject to any and all laws, regulations, and policies now existing or enacted during the term of the contract relating to the conditions of employment such as leave, salaries and length of school terms." (Ex. 1, p. 10). Absent from this contractual provision is a specific reference to any laws, regulations, or policies. Blanket language such as "any and all laws" is insufficient to incorporate the specific relevant regulations. See *Mathews v. PHH Mort. Corp.*, 283 Va. 723, 724 S.E.2d 196 (2012) (finding that a regulation was incorporated, as the contract specifically referred to regulations regarding acceleration and foreclosure and cited the issuing authority).

The analysis governing contract interpretation is well-established in Virginia. The contract must be "construed as written, without adding terms that were not included by the parties." *Wilson v. Holyfield*, 227 Va. 184, 187-88, 313 S.E.2d 396, 398 (1984). Had the Plaintiffs' contracts included references to specific regulations, the issuing authority for said regulations or language demonstrating the purpose of referencing specific regulations, the terms of the contract could be

interpreted as incorporating such regulations. Without the additional language, the Virginia Board of Education's regulations concerning overloads are not incorporated into the legally enforceable contracts. Thus, there is no breach of contract.

Therefore, the Court GRANTS the Defendant's demurrer to the breach of contract and Count One of the Complaint is DISMISSED with prejudice.

Count Two – Wage Theft Act Violation

In Count Two of the Complaint, the Plaintiffs allege that the Defendant's failure to compensate the overloads constituted a violation of Virginia Code section 40.1-29 ("the Wage Theft Act"). The Defendant correctly asserts that, without a valid breach of contract claim, the Plaintiffs' wage theft claim cannot survive. Irrespective of that fact, the Plaintiffs' reliance upon Va. Code § 40.1-29 is misplaced. Code § 40.1-29 is inapplicable due to the School Board not qualifying as an employer.

The Code specifically states that Title 40.1 (Labor and Employment) does not apply "to the Commonwealth or any of its agencies, institutions, or political subdivisions..." See Va. Code § 40.1-2.1. Further, Va. Code § 40.1-2 defines an employer for the purposes of Title 40.1 as "an individual, partnership, association, corporation, legal representative, receiver, trustee, or trustee in bankruptcy doing business in or operating within this Commonwealth..." Notwithstanding the aforementioned, a different definition of 'employer' is included in Va. Code § 40.1-28.9 which includes public bodies. However, the legislature specifically stated that definition is applicable to Article 1.1 (Virginia Minimum Wage Act) by use of the phrase "as used in this article." This language is commonly used throughout the Code of Virginia to ensure any definitions are applied as intended. The Wage Theft Act is not located in Article 1.1, therefore the proper definition for "employer" is found in Va. Code § 40.1-2. Thus, the Defendant is not subject to the Wage Theft Act as the Defendant does not qualify as an employer for the purposes of the Act.

Therefore, the Court GRANTS the Defendant's demurrer to the violation of the Wage Theft Act and Count Two of the Complaint is DISMISSED with prejudice.[1]

Conclusion

It is hereby ORDERED, the Court having granted the Defendant's demurrer to all counts, that the matter be stricken from the active docket. The Court notes the Plaintiffs' exception to the Court's ruling. Counsel for the Defendant is directed to draft and circulate an Order consistent with this Opinion and forward it to the Court for entry within twenty-one (21) days.

Matthew A. Glassman, Judge

---

[1] Having granted the demurrer, there is no need to extend the analysis to the Plea in Bar.