# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **JAMES WOOD**, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:22CV00018 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **BRISTOL VIRGINIA UTILITY** ) | JUDGE JAMES P. JONES |
| **AUTHORITY**, ) | |
| ) | |
| Defendant. ) | |

*Thomas E. Strelka,* STRELKA EMPLOYMENT LAW, *Roanoke, Virginia, for Plaintiff; Jennifer D. Royer,* ROYER LAW FIRM, P.C., *Roanoke, Virginia, for Defendant.*

Plaintiff James Wood asserts federal and pendant state law claims against his former employer, defendant BVU Authority (BVUA),[1] including a count of the Complaint alleging retaliation in violation of Virginia's whistleblower statute, Va. Code Ann. § 40.1-27.3. BVUA has moved to dismiss this count, contending that it is entitled to state sovereign immunity from suits brought under that statute because it is a political subdivision of the Commonwealth of Virginia. For the following reasons, I will grant the motion.

---

[1] The plaintiff sues Bristol Virginia Utility Authority, which the defendant points out is now a misnomer. The defendant is presently named by statute as BVU Authority. Va. Code Ann. § 15.2-7203.

I.

In an earlier decision in this case, I denied a motion seeking to dismiss counts of the Complaint arising under the self-care provision of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2612(a)(1)(D), for lack of subject-matter jursidiction under the Eleventh Amendment to the Constitution. *Wood v. Bristol Va. Util. Auth.*, No. 1:22CV00018, 2023 WL 1930373 (W.D. Va. Feb. 10, 2023). There, the defendant asserted a factual attack on the court's jursidiction on the ground that it was an arm of the state, thus entitling it to such immunity. I held that under the facts submitted, the state treasury would not be liable for any judgment entered in the case and that the Commonwealth was otherwise not so closely related to the defendant so as run afoul of the Eleventh Amendment. *Id.* at *2–3.

In the present matter, BVUA moves to dismiss Count V of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), contending that BVUA is immune from suit under that statute. In opposition, Wood argues that the court should deny the motion because no Virginia appellate court has issued an authoritative ruling on this question and because this court has previously found that Eleventh Amendment immunity does not shield BVUA from suit under the FMLA.

The motion has been briefed and is ripe for decision.

II.

A Rule 12(b)(1) motion challenges the court's authority to proceed with a case, raising a jurisdictional bar. *Cunningham v. Gen. Dynamics Info. Tech. Inc.*, 888 F.3d 640, 649 (4th Cir. 2018). The plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). Dismissal under Rule 12(b)(1) is appropriate "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (citation omitted).

Section 40.1-27.3 of the Code of Virginia provides that "[a]n employer shall not discharge . . . an employee . . . because the employee . . . in good faith reports a violation of any federal or state law or regulation to a supervisor or to any governmental body or law-enforcement official." Va. Code. Ann. § 40.1-27.3(A)(1).

In support of its argument BVUA points to another Virginia statute that provides as follows:

> The provisions of [Title 40.1] and any rules and regulations promulgated pursuant thereto shall not apply to the Commonwealth or any of its agencies, institutions, or political subdivisions, or any public body, unless, and to the extent that, coverage is extended by specific regulation of the Commissioner [of Labor and Industry] or the [Safety and Health Codes] Board.

Va. Code Ann. § 40.1-2.1.

Neither the Commissioner nor the Board has provided that the Commonwealth or its political subdivisions or public bodies are included for purposes of Title 40.1's provisions. *Jordan v. Sch. Bd. City of Norfolk*, 640 F. Supp. 3d 431, 451–52 (E.D. Va. 2022).

The parties report that an interlocutory appeal in another case is currently pending before the Court of Appeals of Virginia concerning this issue. Wood asks me to refrain from issuing a decision until that court rules.[2] Because that appeal has been pending for some time without decision, I will exercise my discretion to procced without the benefit of that ruling.

Where state law is unclear, as here, then the court must predict how the highest court of that state would rule if presented with the issue. *Wells v. Liddy*, 186 F.3d 505, 527–28 (4th Cir. 1999).

The court, using the plain meaning of the words in the statute, must give effect to the intention of the General Assembly. *Morgan v. Commonwealth*, 881 S.E.2d 795, 798 (Va. 2022). General statutory language cannot waive sovereign immunity. *Moschetti v. Off. of the Inspector Gen.*, No. 3:22CV24, 2022 WL 3329926, at * 10 (E.D. Va. Aug. 11, 2022) (citing *Ligon v. Cnty. of Goochland*, 689 S.E.2d 666, 668

---

[2] According to the online docket for the Court of Appeals of Virginia, the interlocutory appeal in the matter of *Camp v. City of Roanoke*, No. 0954-23-3 (Va. Ct. App. 2023), was received on June 1, 2023. It does not appear that it has been decided and the parties have not so advised me.

(Va. 2010)).  Virginia Code § 40.1-27.3 does not expressly waive sovereign immunity for the Commonwealth or its instrumentalities.  "The statute . . . only creates liability for 'employers' without expressly including the Commonwealth within the definition of that term." *Moschetti*, 2022 WL 3329926, at *10.  Notably, the definition does not include political subdivisions of the Commonwealth — such as counties, cities, towns, or authorities.

Virginia's General Assembly has demonstrated a willingness and has expressed a specific intent to disallow the exclusion found in section 40.1-2.1 in other articles of Chapter Three.  *Compare* Va. Code Ann. § 40.1-28.9 (definition of employer in the Virginia Minimum Wage Act found in Article 1.1 of Chapter Three specifically includes the Commonwealth and its political subdivisions) *with* Va. Code Ann. § 40.1-2 (definition of employer that applies to Article 1, within which Section 40.1-27.3 is contained, does not include the Commonwealth, political subdivisions, or any public body); *Jordan*, 640 F. Supp. 3d at 451–52 (comparing Va. Code Ann. § 40.1-2 with § 40.1-28.9).

Without express language to the contrary, state sovereign immunity bars any cause of action under that statute against the Commonwealth's political subdivisions.  *Ligon,* 689 S.E.2d 666, 668 (Va. 2010).  Section 40.1-27.3 does not expressly waive sovereign immunity for the Commonwealth or its instrumentalities. The General Assembly omitted political subdivisions from the definition of

employer in Section 40.1-27.3.  Thus, BVUA is immune from suit under Section 40.1-27.3.

Accordingly, I will dismiss Count V under Rule 12(b)(1).

### III.

It is **ORDERED** that defendant's Motion to Dismiss Count V for Lack of Subject Matter Jurisdiction, ECF No. 25, is GRANTED.

ENTER: November 16, 2023

/s/  JAMES P. JONES
Senior United States District Judge